McEwen *v.* Jenks.

JOHN J. McEWEN *v.* GEORGE W. JENKS *et al.*

ESTOPPEL. *Admission under oath.* A solemn admission under oath, whether made in pleading or in a deposition in a suit where the deponent is not a party, is an estoppel.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

JORDAN STOKES for complainant.

JOHN REID for defendants.

E. H. EWING, Sp. J., delivered the opinion of the court.

The bill in this case is filed to have a reconveyance of certain property which it is alleged was conveyed by the complainant, John J. McEwen, on the 20th of November, 1856, to his brother, Joseph W. McEwen, to be held by him for the sole and separate use of the said Joseph W.'s wife, Julia A., one of the defendants, and who has, since the death of the said Joseph W., intermarried with the defendant, George W. Jenks, the property conveyed being an undivided interest in the estate of one Joseph H. McEwen, deceased, amounting to one fifth.

The conveyance is alleged to have been obtained by the exercise of undue influence by said Joseph W. and his wife upon complainant at a time when his intellect had been greatly enfeebled by a long course of indulgence in the use of spirituous liquors. It is alleged that this influence, from the circumstances surrounding the parties to the conveyance, was such as to take away from complainant any proper exercise of freedom of will in making a deed. It is not, however, alleged, nor is it attempted to be proved that complainant was drunk when the deed was made. The consideration stated on the face of the deed is two thousand dollars, stated to have been paid at its date. It appears, however, in fact, that no money was paid at the time or afterwards, nor was any intended to be paid. The deed (if fair) was a pure gift, or for services rendered and kind treatment of complainant by said Joseph and wife.

Complainant further alleges that there was a verbal agreement, at the time of making the deed, between him and said Joseph W. and wife, that said property should be reconveyed to him at some future time when he should have quit his dissipated habits and recover his health.

The prayer of the bill is, either to have the conveyance set aside or the property reconveyed. The bill was not filed until 1866. For this delay an excuse is given, which, it will be seen, however, it is not necessary to consider in the view which we take of this case.

Mrs. Jenks' answer denies all the substantial allegations of the bill, claims that, though there was no money consideration for said conveyance, there was a substantial consideration, in kindnesses of various descriptions, such as furnishing the complainant a home, charging him with no board, etc.; denies that there was any promise or intention of reconveyance under any circumstances. and asserts that the deed was freely made and alone for the purposes set out on its face.

A good deal of proof has been taken on both sides upon the questions thus raised, and if the case were to be decided upon the ordinary principles governing in regard to the weight of proof, there would be no little difficulty in coming to a satisfactory conclusion. But there is in the proof offered by the defendants Jenks and wife, a deposition of the complainant taken in another case in 1858, in which, under oath, he asserts that he has no interest whatever in his deceased father's estate, that he had conveyed

the same absolutely, and that there was no promise
or understanding that in any event the same should
be reconveyed to him.    It is true that he was not
a party to that cause and that his statement was not
in the pleadings, but it was a solemn statement made
under oath in a judicial proceeding, and one wholly
at war with his present claim.    It was one made
wholly free from any possible influence of Joseph W.
McEwen or his wife—upon a cross-examination to test
his competency on the score of interest in that suit.
By making this statement he established his compe-
tency, and was thus enabled by his testimony in chief
in that cause to affect, beneficially or injuriously, the
rights of them.    The statement of his want of inter-
est was not an error—it was not a mistake; it is
nowhere in the record adequately explained so as to
make it consistent with his present claim.    It was
not made to avoid claims of creditors, if this indeed
would have been an adequate moral excuse for his
making it.    It was not made from a fear that he
himself should, in some drunken moment, afterwards
be cheated out of so shadowy a right as a verbal
promise on the part of McEwen and wife to recon-
vey.    It is, then, a solemn admission in conflict with
his present claim, made in a judicial proceeding, in-
explicable, or at least unexplained, unless upon the
supposition of its truth.    In the case of *Hamilton* v.
*Zimmerman*, 5 Sneed, 40, it was held by this court
that it was against public policy to allow a complain-
ant in a subsequent suit to set up a claim thus con-
tradicted by him in a previous judicial proceeding.

In that case, it is true, Hamilton was a party in the first proceeding, and the admission was in an answer. But it is not possible to see how this could make any difference. The solemnity was .the same—the oath was the same. There was the same demand that the truth should be spoken, whether the party making the oath was to ·affect his own rights or the rights of others. In the case in 5 Sneed, the word estoppel in ·such a case would not be technically correct. In the case of *Cooley* v. *Steele*, 2 Head, 606, the case in 5 Sneed was followed and approved. In the Cooley case, the party repelled had been a witness in a former suit, and in that position made the statement. It is true she was also a party, but it was only as a witness that she made the fatal admission. These cases have not been since deviated from by this court, and, in our opinion should. not be. They are entirely analogous to the present case, and we feel it ·our duty to follow them.

The decree of the chancellor dismissing the bill will be affirmed, and the costs of both courts paid ·by the complainant.